```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                              2:04-cr-66-FtM-29DNF

EUGENE JERMAINE McCUTCHEON
_____

### **OPINION AND ORDER**

This matter comes before the Court on defendant's *pro se* Motion to Reduce Term of Imprisonment (Doc. #49), filed on June 16, 2014. Defendant seeks a sentence reduction based upon Amendment 750 to the Sentencing Guidelines. Because defendant is not eligible for a reduction of his term of imprisonment under Amendment 750, his motion will be denied.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 750.

At defendant's original sentencing, the Court determined, based upon the drug quantity attributed to defendant, that his Base Offense Level was 32 and his Total Offense Level was 29. Because defendant qualified as a career offender under U.S.S.G. § 4B1.1, however, his Total Offense Level was 37 and his Enhanced Offense Level was 34. Defendant's Criminal History Category was Category VI as normally calculated and as a career offender. The Enhanced Offense Level of 34 and the Criminal History Category of VI resulted in a Sentencing Guidelines range of 262 to 327 months imprisonment. The Court imposed a sentence of 210 months imprisonment.

The undersigned sentenced defendant based upon a sentencing range determined by the career offender provisions of the Sentencing Guidelines, not the crack cocaine provisions. Defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission", as required by § 3582(c)(2). Therefore defendant is not eligible for a reduction pursuant Amendment 750. <u>United States Tellis</u>, 748 F.3d 1305 (11th Cir. 2014).

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Reduce Term of Imprisonment (Doc. #49) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   18th   day of June, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Eugene Jermaine McCutcheon
U.S. Probation